**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 7, 2018
Date Decided: September 11, 2018

Richard L. Renck, Esquire
Oderah C. Nwaeze, Esquire
Duane Morris LLP
222 Delaware Avenue, Ste 1600
Wilmington, DE 19801

Gregory E. Stuhlman, Esquire
Chipman Brown Cicero & Cole, LLP
Hercules Plaza
1313 N. Market Street, Suite 5400
Wilmington, DE 19801

RE: *Pullman Sugar, LLC v. Kenneth Valdivia, et al.*, Civil Action
No. 2018-0431-SG

Dear Counsel:

This Letter Order shall supplement my Bench Ruling on this matter of August 28, 2018. At the conclusion of that Bench Ruling, I asked the parties to submit letters raising any issues they believe are outstanding for decision in this matter. Counsel has made, and I have reviewed, those submissions.

The Plaintiffs ask me to opine on two issues: the appropriate salary for Defendant Valdivia, if any; and the appropriate terms of access of the parties to corporate books and records. I agree with the Defendants, however, that these are matters for the board of managers, as validly composed, to address. The Plaintiffs brought this matter under 6 *Del. C.* § 18-110 to determine the composition of the board, and to declare certain actions of a purported three-member board (the

"Purported Board") to be valid. My bench ruling provided the identity of the four current managers (the "Current Board"), and declined to validate the acts of the Purported Board. It is up to the Current Board to address the issues of salaries and access to records.

Next, the Defendants ask that I award attorney fees under the LLC Agreement; the Plaintiffs contend that they are entitled to some fees as well, and that in any event the fee question should be resolved in light of the result of the pending companion fiduciary duty action involving these parties. The parties should submit fee requests and answers in this matter; on review of those submissions I will decide whether to defer a ruling pending a decision on the substantive issues in the fiduciary action.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III